Torrence, Appellant, *v.* Ross et al.

Argued April 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*E. O. Golden,* with him *A. C. Brown,* for appellant.

*J. Roy Dickie,* with him *Dickie, Robinson & McCamey* and *M. A. Carringer,* for appellees.

OPINION BY DITHRICH, J., July 19, 1946:

This action of ejectment was brought by the original plaintiff to recover possession of an undivided one-half interest in and to 1.7 acres of seated land. The case was tried before the court without a jury and resulted in a judgment for the defendants. The original plaintiff died and her claim has passed by devise and conveyance to the substituted plaintiff who brings this appeal.

Harriet J. Ross and Ida M. Calvin held title to the 1.7 acres as tenants in common, each having an undivided one-half interest. In 1926, Ida M. Calvin, widow, conveyed her interest to A. W. Cook, who, in turn, conveyed his interest to Mary R. D. Torrence, the original plaintiff, by deed dated November 3, 1931, but not recorded until July 16, 1938. The records of the official triennial assessments, from 1931 to 1941, in the county commissioners' office show that this one-half interest was assessed to ". . . Cook, A. W., formerly Ross, value $750." On November 2, 1935, the one-half interest assessed to Cook was sold by the county treasurer for delinquent taxes to S. M. Henry. The land is described in the treas-

urer's deed, which was introduced in evidence, as follows: "Whereas, a certain tract of land situate in Barnett Township, County of Forest, and State of Pennsylvania, described as follows, to wit: Lot No. —— and Containing ½ of 1.7 acres, was valued, assessed and charged by said County in the name of Cook, A. W. fl Ross with divers taxes and levies for the year 1933 amounting in the whole to the sum of Thirty-eight and 60/100 Dollars." There is an endorsement on the deed in which S. M. Henry, the grantee, assigned his interest to Hattie Cook Ross (alias Harriett J. Ross) on November 3, 1937. Harriett J. Ross then owned the whole interest in the land and she conveyed the same to her daughter, Rebecca Ross Craft, on June 1, 1940. Rebecca Ross Craft has been in possession since that date, and she and her mother have spent $1725.07 for repairs and alterations to the building located on the property. All of the above facts were found by the court below and are included in its decision.

The abstracts attached to the pleadings show that both parties agreed to a common source of title; both parties admitted title of A. W. Cook acquired in 1926. The defendants stood on the treasurer's deed to S. M. Henry, his assignment to Harriett J. Ross, and her deed to Rebecca Ross Craft. Plaintiff relied on the deed from A. W. Cook to Mary R. D. Torrence. The controversy, therefore, arose over the validity of the tax sale and the treasurer's deed.

The first question raised on this appeal is one of evidence. At the trial, after the plaintiff rested, defendants offered in evidence the treasurer's deed and the testimony of four witnesses, three of whom were officials or employees of the county. Mrs. Haslett, an assistant clerk in the commissioners' office, said that the property described in the deed was the property advertised and sold at the treasurer's sale; the former treasurer, that he offered the property for sale; the treasurer, that the description corresponded with the description in the

seated land returns book; and the township assessor, that there was only one tract of 1.7 acres assessed to A. W. Cook in the township. On the basis of this testimony, appellant contends that defendants were endeavoring to sustain the tax sale by showing a strict compliance with the procedural requirements of the Act of May 29, 1931, P. L. 280, 72 P.S. §5971a et seq., by oral evidence. In so doing, appellant argues, the defendants did not rely on the presumption of validity of the tax title, but undertook the burden of establishing it by other evidence, and failed in such proof. The testimony of defendants' witnesses necessarily alluded to certain procedural steps taken in the tax sale, but it did not "take defendants out of the presumption." When the treasurer's deed was put in evidence, defendants made out a prima facie case that all the steps antecedent to the sale, under the Act of 1931, supra, were properly taken: *Beacom v. Robison et ux.,* 157 Pa. Superior Ct. 515, 43 A. 2d 640. It was then incumbent upon the defendant to identify the land described in the deed with that described in the writ of ejectment: *Beacom v. Robison et ux.,* supra, p. 527. The oral evidence was offered by defendants for this purpose only. And the court found as a fact that the evidence supported the identification.

Appellant also raises the question whether defendants have received a good title to the interest by the assignment made by S. M. Henry, the grantee in the treasurer's deed. The tax title in this case depends upon the validity of the treasurer's sale to Henry. The assignment by Henry to Mrs. Ross and her conveyance to Mrs. Craft are none of the plaintiff's concern: *Diamond Coal Co. v. Fisher,* 19 Pa. 267; *Beacom v. Robison et ux.,* supra, p. 517.

The judgment is affirmed.